IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JASON STETZER,

                Petitioner,                OPINION & ORDER

   v.

                                         21-cr-69-wmc
UNITED STATES of AMERICA,         23-cv-157-wmc[1]

                Respondent.

---

Petitioner Jason Stetzer was charged with possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii), and with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Stetzer pleaded guilty to the methamphetamine charge in exchange for the government dismissing the felon in possession charge. The court accepted the plea agreement and sentenced Stetzer to 90 months of incarceration, to be followed by five years of supervised release. Before imposing that sentence, Judge William Conley concluded that Stetzer was not entitled to an advisory guidelines sentence reduction for acceptance of responsibility and that the presence of two firearms in Stetzer's residence where he kept drugs warranted a guideline enhancement.

Now appearing pro se, Stetzer has filed a motion to vacate his sentence under 28 U.S.C. § 2255. Under Rule 4 of the Rules Governing Section 2255 Proceedings, I must promptly examine the motion and order a response from the United States Attorney unless it "plainly appears" from the motion, any attached exhibits, and the record of the prior proceedings that

---

[1] I am exercising jurisdiction over this case for purposes of Rule 4 review only.

Stetzer is not entitled to relief, in which case I must dismiss the motion. With that standard in mind, I am denying Stetzer's motion and closing this case.

ANALYSIS

Section 2255 allows a prisoner in federal custody to move for relief on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a); *Sawyer v. United States*, 874 F.3d 276, 278 (7th Cir. 2017). Ineffective assistance of counsel claims may be raised for the first time in a § 2255 motion. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. James*, 635 F.3d 909, 916 (7th Cir. 2011). To succeed on a claim of ineffective assistance of trial counsel, Stetzer must show both that counsel's performance was deficient, and that he was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the prejudice element in the context of a sentence, Stetzer must show that there is a reasonable probability that, absent his attorney's error, he would have received a lighter sentence. *Griffin v. Pierce*, 622 F.3d 831, 844 (7th Cir. 2010).

Stetzer contends that his attorney performed deficiently by (1) failing to argue at sentencing for a three-level reduction for acceptance of responsibility, and (2) failing to object to the two-level gun enhancement at sentencing. But Stetzer does not meet the *Strickland* element for either ground for relief.

As for the acceptance of responsibility reduction, Stetzer knew that it would be difficult for him to receive that reduction but nevertheless his attorney diligently pursued it. An express term of the plea agreement was that the government would oppose credit for acceptance of

responsibility under USSG § 3E1.1(a), but that if the court determined that Stetzer was entitled to that reduction, the government would support a further one-level reduction.

In the presentence report, the probation office did not recommend that Stetzer receive the acceptance of responsibility reduction because Stetzer had obstructed justice, and his plea agreement did not outweigh the lack of cooperation shown by the obstruction. Specifically, the presentence report noted that Stetzer perjured himself during the related state revocation proceedings by denying knowledge of the firearms seized from his residence and directing his significant other to claim ownership of the firearms. Dkt. 23 in Case No. 21-cr-69, ¶¶ 24-26.

Stetzer's attorney filed a written objection to that portion of the presentence report, arguing that Stetzer should receive the adjustment for acceptance because he entered a timely plea, his perjury was unsuccessful, his perjury was not burdensome for the government, and he did not otherwise cause delays or additional work in the case. Dkt. 25 in Case No. 21-cr-69. At sentencing, Judge Conley overruled that objection because Stetzer obstructed justice during the revocation proceedings and his plea was not an extraordinary circumstance sufficient to outweigh the obstruction. Dkt. 26 in Case No. 21-cr-69. Although Stetzer states that his attorney failed to object during the sentencing hearing, he does not identify what his attorney could have argued to change the court's decision on acceptance of responsibility. Stetzer has not shown that his attorney performed deficiently.

Even if Stetzer's attorney had performed deficiently by failing to object, Stetzer has not shown that this deficiency resulted in a higher sentence. In sentencing Stetzer, Judge Conley noted that if Stetzer had received the three-level reduction for acceptance of responsibility, the applicable guideline range would have been 130 to 162 months. Judge Conley deemed that sentencing range too harsh, imposing a 90-month sentence, well below the guidelines range

3

that would have applied even if Stetzer received the reduction. Stetzer fails to meet the prejudice element as well.

Stetzer also fails to support his argument that his attorney performed deficiently in failing to object to the two-level enhancement for the presence of firearms under USSG § 2D1.1(b)(1). The presentence report recommended that enhancement because two firearms were recovered from Stetzer's residence, along with the methamphetamine that was the subject of the drug charge. Dkt. 23 in Case No. 21-cr-69, ¶ 29. Stetzer has not explained how his attorney performed deficiently by failing to raise this objection. Indeed, given that it had been established that Stetzer perjured himself in state court to disavow ownership of the firearms, any objection to the firearm enhancement would have been frivolous.

Under Rule 11 of the Rules Governing Section 2255 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. A certificate of appealability will not issue unless Stetzer makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Although the rule allows me to ask Stetzer to submit argument on whether a certificate should issue, it is not necessary to do so in this case. Because reasonable jurists would agree that Stetzer has not stated any viable ground for relief under § 2255, I will not issue him a certificate of appealability.

4

ORDER

IT IS ORDERED that:

1. Petitioner Jason Stetzer's motion to vacate his sentence under 28 U.S.C. § 2255 is DENIED. The clerk of court is directed to enter judgment for respondent and close this case.

2. Petitioner is DENIED a certificate of appealability. If petitioner wishes, he may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Entered June 12, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge